John Jordan, *Plaintiff in Error*, vs. The State of Florida, *Defendant in Error*.
144 So. 669.
Division B.
Opinion filed November 28, 1932.

*Newman T. Miller*, for Plaintiff in Error.

*Cary D. Landis*, Attorney General and *Roy Campbell*, Assistant, for the State.

Davis, J.—The defendant, John Jordan, was found in the possession of jewelry recently stolen from the house of Mr. and Mrs. J. J. Schlesinger. This led to the filing of an information against him charging him with breaking and entering the house from which the jewelry had been stolen. The defendant denied guilty knowledge of the breaking and entering, or of the theft of the jewelry. His claim was that he had bought the jewelry from a stranger who was accompanied by a young man named "Kid." Defendant's version was that these two men, who were not previously known to the defendant, offered to sell defendant the jewelry later found in his possession, and that he had committed the act of buying it for $100.00, but that it was through fear of the two men who offered to sell it to him, that he did so.

The jury disbelieved the fabulous explanation thus of-

fered to account for the stolen jewelry being found by the Palm Beach police in the defendant's possession in his room in the Alma Hotel, and found him guilty. From the sentence of ten years imprisonment imposed upon him by the Judge of the Criminal Court of Record of Palm Beach County, this writ of error was taken.

The trial Judge should not have permitted some of the questions propounded to the defendant on cross examination after he had testified as a witness in his own behalf. The questions related to alleged previous arrests, and one previous conviction of the defendant that had occurred prior to his arrest and accusation in the present case. In an ordinary case some of these questions might be held to amount to an unauthorized attack by the prosecution on the character of the accused, carried out by the prosecuting attorney under guise of a mere cross examination as to previous conviction of crime, such as is permitted of witnesses, including defendants in criminal cases testifying as such when propounded under Section 4373 C. G. L., 2706 R. G. S.

The character of a person accused of crime is not a fact in issue, and the State cannot, for the purpose of inducing belief in his guilt, introduce evidence tending to show his bad character or reputation, unless the accused, conceiving that his case will be strengthened by proof of good character, opens the door to proof by the prosecution that his character in fact is bad. This salutary rule is not permitted to be violated by the State, even when the defendant offers himself as a witness. State v. Beckner, 194 Mo. 281, 91 S. W. 892, 3 L. R. A. (N. S.) 535. And this is true although a defendant offering himself as a witness is subject to impeachment just like any other witness so far as his status and character as a witness, not as a defendant on trial, is concerned. See Cross v. State, 96 Fla. 768, 119 Sou. Rep. 380.

It is only permitted to interrogate witnesses as to previous convictions, not mere former arrests or accusations, for crime. The defendant as a witness in his own behalf, while subject to legitimate cross examination, just as is any other witness, does not lose his status or character as a defendant on trial, whose character or reputation it is not permitted to the prosecution to attack, under the guise of a pretended questioning on cross examination, the principal effect of which is calculated to be an attack on character or reputation of the accused as such, so as to induce a more ready belief that he is guilty of the charge on which he is being tried. Trial Judges should see to it that the rights of an accused to be free from a character attack are not frittered away by indirection, but much must of course be left to the judgment of the trial Judge as to when the bounds of legitimate cross examination of a defendant as a witness, are exceeded by a matter of interrogation which amounts to subtle attack of the character of the defendant in his status as such.

The evidence in the present case is so complete and satisfactory as to the guilt of the accused that we do not feel justified in granting a new trial for what amounts to a minor violation of the strictness of the above stated rule, though we by no means approve the practice of interrogating witnesses solely to develop the circumstance that they have been several times before arrested (though not convicted) of particular crimes.

Affirmed.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

Filed under Rule 21A.