MAXWELL, OLIVER C., Associate Judge.
The appellants were charged and convicted on an information charging that the defendants:
“ * * * did then and there unlawfully break and enter a certain building,. to-wit: Big Cypress Golf and Country Club Pro Shop, the property of Big Cypress Golf and Country Club, Inc., a Florida corporation, with the intent, then and there to commit a felony, to-wit: Grand Larceny.”
Four points were raised on appeal:
(1) The Court’s failure to quash the information for failure to state an offense; (2) The Court’s failure to grant a continuance; (3) The Court’s charge with respect to unexplained possession of property by defendants and (4) The Court’s failure to direct a verdict for defendants because of the State’s failure to prove ownership of the subject matter of the larceny as alleged in the information.
The first two points were not argued on appeal and are without merit.
The third point questions the Court’s :harge:
“Gentlemen, the Court instructs you that the exclusive possession of stolen property by the defendants soon after the theft, the property being shown by the evidence to be stolen from a building entered, such possession, unexplained, is sufficient to warrant a conviction of the offense charged.”
The appellants insist that this constitutes a comment on the evidence and that the Court had invaded the province of the Jury. The giving of this charge was not assigned as error and the appellants failed to object thereto as required by F.S. 918.10 (4) F.S.A.:
“No party may assign as error or grounds for appeal, the giving or failure to give *917 an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his obj ection. * * * ”
Appellants requested no instruction and at the close of the conference on instructions the appellants’ attorney stated:
“We would object to the requested instructions given by the State, to each one of them.”
At the conclusion of the instructions appellants’ attorney stated:
“Prior to the Jury retiring, we note our objection to the Court’s charge, and to its ruling, and specifically to the right of the defendants to testify; the comments made by the Court were not sufficient to establish their rights; and, further, that the Court’s instruction as to circumstantial evidence was not the law.”
This falls far short of the requirements of F.S. 918.10(4) F.S.A.; see Hamilton v. State, Fla.App.1963, 152 So.2d 793.
Hamilton v. State, supra, after construing F.S. 918.10(4) F.S.A. points out that, with respect to jury instructions, an error of the trial court may be reviewed on appeal if the error is so fundamental as to warrant such action or when the Appellate Court, in its judgment, deems the interests of justice to so require, even thougn no objection was interposed. This is spelled out in Rule 6.16(a) F.A.R., 31 F.S.A. A similar rule authorizes the Court to notice fundamental error apparent in the record-on-appeal although not assigned as error. Rule 3.7(i) F.A.R.
The instruction in question, considered in isolation, was erroneous in that it can be construed as assuming to be true essential facts which, while not contested by evidence, were not admitted by the defendants. Cook v. State, 1903, 46 Fla. 20, 35 So. 665.
However, this instruction, when considered with the Court’s other instructions, was not such as to mislead the jury, any more than it misled appellants’ counsel, until after he filed his assignments of error.
The Court fully instructed on presumption of innocence; proof beyond and to the exclusion of a reasonable doubt, and, immediately preceding the instruction in question, on circumstantial evidence. Considering the instructions as a whole it cannot be said that the giving of the instruction in question constituted fundamental error.
With respect to the fourth point, namely, the ownership of the personal property, it was established that the building broken into was owned by Big Cypress Golf and Country Club, Inc. It was further established that the personal property was owned by one, Philip Darbyshire, a golf professional, employed by the property owner, who operated the pro shop as a part of his employment, retaining all profits from merchandise sold. We see no reason why this fact would invalidate the charge or conviction and no authority has been cited tp support appellants’ contention
The Judgment is affirmed.
ALLEN, C. J., and LILES, J., concur.