SWANN, Judge.
The defendants, Dennis and Palmer were tried by a jury and found guilty of robbery in Dade County, Florida.
On this appeal they assert two points for reversal. Their first point is governed by the decision of this court in Belton v. State, Fla.App.1968, 211 So.2d 238; and does not constitute a ground for reversal.
Their other point arises from the following which transpired at the trial. The state called one Lucius Cuff as a rebuttal witness. He contradicted the testimony of the defendants on several crucial points. Counsel for the defendants sought to impeach Cuff on cross-examination by asking him whether he was presently under criminal *662 charges. The state’s objection to this question was sustained and the question was stricken from the record. In the absence of the jury a proffer was made to show that an information was then pending against Cuff, charging him with the crime of aggravated assault and that a trial date had been set. The proffer was denied.
The defendants claim that the trial court improperly restricted their constitutional right to cross-examine the state’s chief rebuttal witness by excluding this question and the proffered answer.
This question was treated by the Supreme Court of Florida in Wallace v. State, 41 Fla. 547, 26 So. 713, 719 (1899).
Where a state witness was asked on cross-examination, “Are there any criminal charges pending against you ?”, this question was excluded upon objections by the state. The court determined that “the general rule upon this subject, sustained by the weight of authority, is that cross-examination of a witness as to indictments or charges before conviction against him, of criminal offenses, is a matter of discretion in the trial court, not subject to review on writ of error or appeal, unless the discretion is abused. * * * There is nothing in this case to show an abuse of discretion by the ruling complained of, nor does the plaintiff in error contend that the court below abused its discretion in the matter.”
In Jordan v. State, 107 Fla. 333, 144 So. 669, 670 (1932), it was said “It is only permitted to interrogate witnesses as to previous convictions, not mere former arrests, or accusations, for crime.
Here, the defendants were not denied the right to confront and cross-examine witness Cuff, only the specific question related herein was excluded. During the proffer, the witness denied expecting any leniency, and denied that any promises of leniency had been made to him.
No abuse of discretion has been made, or shown, and no constitutional rights of these defendants appear to have been violated by the exclusion of this question to the witness, Cuff. The judgments are, therefore,
Affirmed.