PER CURIAM.
Appeal No. 72-1034 is by the defendant below from denial of his third post-trial motion under Rule 3.850 CrPR, 33 F.S.A., for relief from a January 1968 robbery conviction. Appeal No. 72-1091 is an appellate review allowed to the defendant by this court, on his petition for habeas corpus contending that by state action he was thwarted in the taking of a direct appeal from an order denying his second post-trial motion for relief under Rule 3.850 CrPR.
On a direct appeal taken by the defendant from the judgment entered on the con *136 viction of January 1968, this court affirmed. Dennis and Palmer v. State, Fla.App.1968, 214 So.2d 661. Application to the United States Supreme Court for review thereof by certiorari was denied (393 U.S. 1070, 89 S.Ct. 729, 21 L.Ed.2d 714)
A first motion for relief under Rule 3.850 CrPR was denied by the trial court, and no appeal was taken therefrom. On the defendant’s second motion for relief under Rule 3.850 the defendant was returned to the trial court for hearing, and an evidentiary hearing was held thereon. That motion was denied and an appeal was taken on behalf of the defendant by the public defender. This court affirmed. Palmer v. State, Fla.App.1972, 264 So.2d 46. The present (habeas corpus) appeal No. 72-1091 presents for appellate review additional grounds or points not raised on the initial appeal from the order denying the second motion for relief. The new contentions presented in appeal No. 72-1091 relate to matters that were proper for presentation under the direct appeal that was taken. Although cumulative motions for post-conviction relief under Rule 3.850 CrPR appear to be entertained provided each succeeding motion presents some ground not previously stated (Whitney v. State, Fla.App. 1966, 184 So.2d 207), that practice is not applicable to appeals. It is not permissible to file one appeal after another, stating separately a different ground in each successive appeal. We hold appeal No. 72-1091 is without merit, and again affirm the order to which it relates.
The defendant’s third motion for post-conviction relief, which is here on direct appeal No. 72-1034, was summarily denied. Appellant contends the court erred by failing to grant an evidentiary hearing thereon. The points raised by the defendant in that motion for relief were (1) remarks made by the prosecutor claimed to have been prejudicial; (2) that defendant was not timely informed that his prior criminal record would be used against him; and (3) that the jury was called upon to consider the state of mind of a witness who did not testify. Upon examination of the record presented we are in agreement with the conclusion reached by the trial judge that the contentions thus made as grounds for relief from the conviction were refuted on the record, and we hold that the motion was properly denied without evidentiary hearing. See Stanley v. State, Fla.App.1967, 203 So.2d 31. The contention of the appellant that the prosecutor made statements in argument which were prejudicial, and for which the judgment should be reversed, is not borne out by the record. Likewise the record here does not support the defendant’s contention that his prior criminal record was prejudi-cially used against him. The contention relating to the jury being required to consider the state of mind of a witness who did not testify, had reference to a comment by the prosecutor in argument that by pointing a gun at the victim and his mother the defendant had placed them in fear. The defendant contends that since the victim’s mother did not testify it was prejudicial to him to suggest that she was placed in fear by having a gun pointed at her. The record showed that the gun pointed at the woman was held close to her face. We find no reversible error there. Moreover, each of the three grounds referred to above were presentable on direct appeal which was taken from the judgment. For that reason, as well as the reasons set out above, we affirm in appeal No. 72-1034. Swindle v. State, Fla.App.1967, 202 So.2d 132; Peterson v. State, Fla.App.1970, 237 So.2d 223; Palmer v. State, supra, Fla.App.1972, 264 So.2d 46.
Affirmed.