SCHEB, Judge.
The appellant, Joseph Moore, was charged with second degree murder and was found guilty by the jury of third degree murder and sentenced to prison for 15 years with credit for time served while awaiting trial.
Appellant asserts two points on appeal:
1. That the trial court erred in permitting the prosecuting attorney to elicit a response from defense witnesses designed to reveal their incarceration at the county jail; and
2. That his claim of self-defense was prejudiced by the court’s instruction concerning the law of transfer of intent.
The state’s information charging second degree murder alleged that appellant shot and killed one Janis Sweeris. The evidence disclosed an argument among one Robert Lee Woodard, the appellant and his girl friend concerning the right to use a pool table at a bar. During the course of the argument the appellant shot at Woodard, however the bullet, in addition to hitting Woodard, resulted in the death of Janis Sweeris.
The appellant claimed to have acted in self-defense asserting that Woodard who was skilled in karate attempted to assault him. Support for this contention came from the testimony of appellant’s girl friend and two other witnesses, however, over the objection of the defense, these two witnesses were asked questions by the prosecuting attorney designed to elicit a response that they were then incarcerated at the county jail. Appellant contends the trial court erred in permitting this inquiry on cross examination on the grounds that this constituted improper impeachment of the defense witnesses.
A careful review of the record reveals that the prosecuting attorney’s questioning served as a predicate for the remainder of his cross examination which was designed *565 to demonstrate that facts which the defense witnesses were testifying to were actually learned by them from the defendant while he was in jail awaiting trial.
It is competent on cross examination to show where a witness resides, especially where essential to identify a witness with an environment which bears on his credibility. Alford v. United States, 1931, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed 624. Here the prosecuting attorney’s questions were necessary steps to identify the time and place the witness learned of the facts of the case. Cf. Burns v. Freund, Fla. 1950, 49 So.2d 592.
Appellant’s second point relates to the inclusion of an instruction that:
“. . . if a person has an intent to kill one person and in attempting to kill that person actually kills another person whom he did not intend to so kill, he is none the less guilty of an unlawful homicide.”
There.was no objection to this instruction which was followed by instructions on the law applicable to the right of self-defense.
Instructions must be considered in relation to each other and upon careful review we find the court’s instructions adequately covered homicide in any applicable degree as well as the right of self-defense. Assuming arguendo that the instruction was inappropriate where the defendant claimed self-defense, it does not appear he was prejudiced by the isolated instruction of which he not for the first time complains.
Absent a fundamental error an objection to instructions must be timely made in order to raise the point on appeal. Jones v. State, Fla.App.2d 1966, 187 So.2d 915. Apropos to appellant’s contention we think is the following statement of this court in Jones:
“However, this instruction, when considered with the Court’s other instructions, was not such as to mislead the jury, any more than it misled appellants’ counsel, until after he filed his assignments of error.”
Considering that the instructions as a whole were adequate, we connot say that any fundamental error was committed by the court in respect to the quoted instruction which was not objected to by the defendant at his trial.
Accordingly, the judgment and sentence below is affirmed.
HOBSON, Acting C. J., and GRIMES, J., concur.