DOWNEY, Judge
(dissenting).
This is an appeal from a conviction of second degree murder and a sentence of life imprisonment.
It appears from the evidence that appellant and Louise Fuller, after living together for some years, separated. During the separation the victim, M. C. Banks, began visiting Ms. Fuller over appellant’s objection. On the day of the homicide Banks came to see Ms. Fuller and was sitting in his car conversing with her when appellant drove up, exited his car, gun in one hand and beer in the other. Appellant approached Bank’s car and said: “You son-of-a-bitch, didn’t I tell you not to be caught hanging around here?” He then pointed the gun into the car and fired it and told Banks to get away from there. Banks also had a weapon on the seat of the car, and he returned fire. A gun battle lasting several minutes ensued. It ended when Banks broke off contact by driving down the street. The car went out of control and ran into some bushes. Banks later died from gunshot wounds.
At trial upon an information charging him with second degree murder, appellant based his case on a contention of self-defense. In pursuit of that defense appellant produced a witness who testified that Banks’s general reputation in the community for violence was bad. On cross-examination the prosecutor asked the witness if he had any feelings of bias or prejudice against the state, and the witness replied that he did not. Then the prosecutor asked what charges were pending against the witness. Eventually, over appellant’s objections, the prosecutor brought out that the witness was soon to be tried for second degree murder (an entirely unrelated crime). It appeared to be the state’s position that the witness was prejudiced against the state in this proceeding since he was charged by the state with second degree murder and had taken issue with the state by pleading innocent to that charge. The trial court ruled that the questions were a proper attack upon the witness’ credibility.
The only point on appeal meriting comment involves the foregoing ruling by the trial court, namely, whether it was reversible error under the circumstances to allow the state over objection to interrogate appellant’s witness concerning criminal charges pending against that witness.
*513 There are circumstances in which it is proper to interrogate a witness about pending criminal charges. For example, in Herzig v. State, Fla.App.1968, 213 So.2d 900, a defense witness was properly interrogated about criminal charges pending against him because said charges arose out of the same episode for which the defendant was then on trial. The identity of interests between the defendant and the witness made the questions proper. In Moore v. State, Fla.App.1975, 308 So.2d 563, the state was allowed to question defense witnesses regarding their presence in jail so as to show that the facts about which the witnesses were testifying were obtained by them from the defendant while he was in jail with them awaiting trial. However, absent some factor which connects the criminal charges pending against the witness to the case then being tried, proof of such pending charge is inadmissible and can be highly prejudicial. Jordan v. State, 107 Fla. 333, 144 So. 669 (1932); Hudson v. United States, 387 F.2d 331 (5th Cir. 1967). See Annot. 20 A.L.R.2d 1421. The rule is clear that generally only conviction of a crime may be introduced in evidence in order to attack the credibility of a witness. McArthur v. Cook, Fla.1957, 99 So.2d 565; Harden v. State, Fla.App.1974, 303 So.2d 679. Accordingly, the trial court committed error in over-ruling the objection to the production of the witness’ pending criminal charges, since there was no connection between the charge pending against the witness and the charge upon which appellant was being tried.
In its brief the state argues that the interrogation was proper; but in the event it was not, the court’s ruling thereon constituted harmless error. While of course it is possible that the improper testimony adduced to impeach the witness in question was harmless, I am unable to reach that conclusion with sufficient certitude to let stand a conviction of the highest charge contained in the information and a sentence of life imprisonment. Cf. Pitts v. State, Fla.App.1975, 315 So.2d 531, Second District. We really cannot say that had this testimony not been adduced the jury would not have found appellant guilty of one of the lesser included offenses about which they were fully instructed.
I would therefore reluctantly reverse the judgment and sentence appealed from and remand the cause for a new trial.