SCHEB, Judge.
Appellant Perkins was tried by jury and found guilty of robbery. The court adjudged him guilty and sentenced him to ten years in prison with credit for time served. On appeal he contends the trial court should have granted a mistrial because certain comments by the state’s witnesses were improper and prejudicial. We hold the cumulative effect of the objectionable testimony was so prejudicial as to deny appellant the right to a fair trial. We reverse.
The victim of the robbery, Joan Cooper, testified against appellant at his trial. She said that appellant and another man came to her home at about 10:45 p.m. on April 29, 1976, visited with her for a short while, and then left. About midnight that same evening, both men returned. Once in the house, appellant pulled a gun and demanded money. The two men took $400, tied up Ms. Cooper and D. C., a friend who was visiting her at the time, and left again. After the men departed, Ms. Cooper and D. C. managed to untie themselves and call the police. Shortly after calling the police, Ms. Cooper called another friend to ask him to stay with her. Ms. Cooper testified that after she explained what had happened, her friend commented that “this wasn’t the first time that they had done it.” At this point in the trial, defense counsel objected and moved for a mistrial. The trial judge denied the motion, but did instruct the jury to disregard Cooper’s testimony as to what her friend had said as being hearsay.
A second motion for mistrial was made during the testimony of William Warden, a Dunedin detective who also testified on behalf of the state. Warden testified he had a telephone conference with a St. Peters-burg detective. Warden advised him that “we [Dunedin Police Department] had a mug-shot of Mr. Perkins.” Appellant objected on the ground that this comment raised the inference that appellant was a known criminal. The prosecutor countered that appellant’s counsel had designated his client as a dope dealer on voir dire, so there could be no prejudice. The motion for a mistrial was denied.
Appellant’s third motion for mistrial was made when Detective Rick Look of the St. Petersburg Police Department testified as follows:
I came across Detective Warden of the Dunedin Police Department, and he did have knowledge of two subjects fitting that description and also the method of operation used in this particular robbery.
*778 This motion was also denied by the trial judge.
Appellant took the stand on his own behalf. He testified that he knew Ms. Cooper and had been to her house on the night of April 29, 1976. However, he denied returning later and robbing her. He explained that both he and Ms. Cooper were dealing in marijuana; that he owed her $400 for marijuana she had advanced him; and that he had gone to her house that night to explain why he did not have the money to pay her at that time. He testified that he and Ms. Cooper argued and that as he left, she said, “You son of a bitch, I’ll get you back for this.”
Although the second challenged comment raised the impermissible inference that appellant was a known criminal, Loftin v. State, 273 So.2d 70 (Fla.1973), we think in this instance it was harmless error because the jury had previously been told by defense counsel that appellant was a marijuana dealer. See State v. Woodson, 330 So.2d 152 (Fla.4th DCA 1976).
We view the first and third comments more critically. These remarks were not only hearsay, and inadmissible for that reason, but more significantly they constituted an attack on appellant’s character by establishing in the minds of the jurors that he had likely committed crimes similar to but independent of the offense charged in this case. It is fundamental that unless the defendant has first placed his character in issue, the state is not permitted to adduce evidence the only purpose of which is to attack the defendant’s character. Jordan v. State, 107 Fla. 333, 144 So. 669 (1932); Roti v. State, 334 So.2d 146 (Fla.2d DCA 1976). Evidence of previous offenses indicating a common modus operandi is admissible where relevant to identification of the defendant under the Williams Rule. Williams v. State, 110 So.2d 654 (Fla.1959); Duncan v. State, 291 So.2d 241 (Fla.2d DCA 1974). Here, however, the appellant had been clearly identified by Ms. Cooper. Her identification was corroborated by fingerprints from a drinking glass from her house, so identity was really not an issue. The testimony served to indicate only Perkins’ bad character or his propensity to commit a crime.
While either of these harmful comments, standing alone, may not be cause for reversal, we believe their cumulative effect substantially prejudiced appellant’s defense. Appellant was the sole witness in his behalf; therefore his credibility was crucial. These comments were a grossly unfair attack upon his credibility. While a defendant is not entitled to an error-free trial, he must not be subjected to a trial with error compounded upon error. See Carter v. State, 332 So.2d 120 (Fla.2d DCA 1976). We conclude that the appellant here was denied his constitutional right to a fair trial. Accordingly, we
REVERSE and REMAND for a new trial.
BOARDMAN, C. J., and OTT, J., concur.