378 So.2d 1234 (1979)
Elwood Lamar ALBRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 78-128.
District Court of Appeal of Florida, Second District.
May 2, 1979.
Rehearing Denied January 14, 1980.
Jack O. Johnson, Public Defender, Bartow, and Stephannie DaCosta, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Albright appeals from his conviction and life sentence for robbery. He contends that the trial court should have granted a mistrial because prejudicial statements made by two state witnesses denied him a fair trial. Appellant also contends that the trial court erred in admitting his confession.
Appellant, with others, was charged with robbing a federally chartered bank. Appellant pled not guilty and chose not to present evidence on his own behalf at trial. The comments which appellant claims are prejudicial came from co-defendants who negotiated guilty pleas in exchange for their testimony against appellant. We consider first those statements which are claimed to be prejudicial.
During cross-examination of co-defendant Radcliff regarding his psychiatric history, Radcliff was questioned about the self-infliction of cuts on his arm which resulted in numerous scars. After pausing to reflect on his answer, Radcliff testified "I started doing this after I met your client. It seemed like me and him both get off doing this." Appellant's counsel moved for mistrial *1235 on the basis that the response was clearly calculated to prejudice the jury against appellant. The trial judge denied the motion and admonished Radcliff to stick to answering the questions and to stop volunteering information.
Also on cross-examination, Radcliff was questioned regarding his comment to another prisoner. Radcliff denied that he was lying about appellant or that he had been coerced into testifying. Radcliff did testify that the other prisoner said that he understood Radcliff had "turned police." Responding on redirect, the prosecutor asked "Isn't it a fact your life has been threatened concerning your testimony here today?" Following a defense objection and a motion for mistrial, the trial judge ascertained that the state had no evidence appellant had threatened or was connected with any threat to the witness. The trial judge then overruled the objection, denied the motion for mistrial, and instructed the jury that the testimony was irrelevant and that they were to disregard it.
Next, testimony was produced tying the robbery proceeds to appellant. Cogman, an additional primary witness for the state, was the other co-defendant who testified regarding events on the day of the robbery. Cogman said that after the robbery, appellant visited his apartment and began unbuttoning his pants and pulling them down. Following denial of defense objections, Cogman then testified that appellant had fastened hundred dollar bills around his penis and that appellant made statements suggesting a method of removal of the bills which, we find, would unquestionably shock and inflame the jury against appellant. In further describing this scene Cogman said that appellant also had some of the bills in his hand and under his shirt. Cogman went on to say he had borrowed money from appellant for clothing, and referred on separate occasions to appellant as a "junkie" and a "criminal." The court again overruled a timely defense objection and denied a motion for mistrial and instructed the jury to disregard the statements.
Following cross-examination of Cogman regarding his admission in a letter to appellant that he would not "turn" on appellant because he lacked enough information to do so, the state on redirect elicited Cogman's testimony that he thought appellant a "backstabber" and a "doublecrosser." Another defense motion for mistrial was then denied. When the state rested, defense counsel reviewed for the court the numerous prejudicial statements made by the witnesses and again moved for a mistrial without success.
The gratuitous comments by witnesses Cogman and Radcliff were irrelevant and highly inflammatory innuendos and implications concerning appellant's character. Only the testimony by Cogman regarding the placement of some of the robbery proceeds on appellant's body was relevant to the issue being tried. But in light of the fact that the witness testified appellant had some of the bills in his hand and under his shirt, that repetitious evidence was unnecessary and unduly prejudicial to appellant. These comments focused on appellant's aberrant and vulgar behavior, implied other criminal activity not relevant to the crime charged, and, highlighting appellant's character, diverted the jury from the material evidence in issue. Appellant chose to exercise his constitutional right not to testify and therefore did not place his character in issue. Nevertheless, on numerous occasions, the state's witnesses impermissibly and prominently injected defendant's character into the trial. Unless and until the defendant places his good character in issue before the jury either through his own or his witnesses' testimony, the state may not do so. Roti v. State, 334 So.2d 146 (Fla.2d DCA 1976); Andrews v. State, 172 So.2d 505 (Fla.1st DCA 1965); Gordon v. State, 107 Fla. 333, 144 So. 669 (1932).
Furthermore, the cumulative effect of these comments resulted in fundamental prejudice and denied appellant his constitutional right to be prosecuted only for the crime charged in a fair trial before an impartial jury. This is so despite the laudable endeavors by the trial judge to pull the trial *1236 back on track and proceed with a fair trial by his curative instructions to the jury to disregard that testimony. On this record, instructions by the trial judge could not cure the error. Perry v. State, 146 Fla. 187, 220 So. 525 (1941). While a defendant is not entitled to an error-free trial, he may not be subjected to a trial where error is compounded by error. Perkins v. State, 349 So.2d 776 (Fla.2d DCA 1977). Since appellant was denied his constitutional right to a fair trial he is entitled to a new trial. Carter v. State, 332 So.2d 120 (Fla.2d DCA 1976).
Although it is unnecessary to our disposition of this case, we also note that the question posed by the state attorney regarding an alleged threat against witness Radcliff's life alone might well require reversal. Cf. Hirsh v. State, 279 So.2d 866 (Fla. 1973). If any testimony had shown that appellant was connected with the threat, it would have been relevant and admissible. See Duke v. State, 106 Fla. 205, 142 So. 886 (1932); Curtis v. State, 44 Ala. 63, 202 So.2d 170 (Ct.App. 1967). Because there was no such testimony in the case at bar, the comment may well have left the jury with the highly prejudicial implication that appellant was in some way involved in a threat on the witness' life. The probability that the jury accepted that notion is too great to correct with a limiting instruction. See Davis v. State, 350 So.2d 834 (Fla.2d DCA 1977); Coleman v. State, 335 So.2d 364 (Fla. 4th DCA 1976).
While we need not reach the question of the admissibility of appellant's September 1, 1977 confession, we believe it will be helpful to comment on it. Appellant alleges his confession should have been suppressed as involuntary because of the implied promise by federal agents that it would be "off the record." Appellant also alleges the confession was inadmissible because it was taken before requested counsel had been appointed for him. We believe these grounds unimportant in view of the undisputed fact that appellant requested the interview. Appellant's request to go "off the record" after being fully advised of his Miranda rights does not undermine the voluntary character of the confession. Police need not explain substantive and evidentiary law with respect to Miranda warnings. Harris v. Riddle, 551 F.2d 936 (Fla. Cir.1977); United States v. Frazier, 155 U.S.App.D.C. 135, 476 F.2d 891 (1973). Even police agreement that the statement would not be used would not require suppression. United States v. Joslyn, 371 F. Supp. 423 (D.Ariz. 1974). There was no atmosphere of coercion surrounding appellant's confession and no reward or implied promise was offered. Paramore v. State, 229 So.2d 855 (Fla. 1969); Coleman v. State, 245 So.2d 642 (Fla.1st DCA 1971).
Nor do we agree with appellant's contention that the confession should be suppressed because the state failed to place him in contact with counsel until after the statement was taken. Monroe v. State, 369 So.2d 962 (Fla.3d DCA 1979). Appellant was advised he could have an attorney present, and the agents testified that he did not desire one. At the suppression hearing, appellant did not recall whether or not he had requested an attorney. There was sufficient evidence in the record to support the trial judge's finding of voluntariness, and this finding should not be disturbed on appeal. Paramore v. State, supra.
Reversed and remanded for new trial.
GRIMES, C.J., and HOBSON, J., concur.