413 So.2d 443 (1982)
James Leroy HOPKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1731.
District Court of Appeal of Florida, Third District.
May 4, 1982.
James Leroy Hopkins, in pro. per.
Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON, and JORGENSON, JJ.
PER CURIAM.
When a petitioner alleges ineffective assistance of counsel, unless the motion and the files and record in the case conclusively show that he is not entitled to relief, the petitioner is entitled to an evidentiary hearing on his motion. Fla.R.Crim.P. 3.850. Meeks v. State, 382 So.2d 673 (Fla. 1980); Cash v. State, 412 So.2d 420 (Fla. 3d DCA 1982).
Both the Rule 3.850 motion and the record in this case demonstrate that defense counsel elicited testimony from the defendant concerning previous arrests, and that counsel did so on the assumption that if he did not, the State would. However, the State was empowered to ask only whether the defendant had ever been convicted of a crime, Whitehead v. State, 279 So.2d 99, 100 (Fla. 2d DCA 1973), and not whether he had any prior arrests. Michaelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 222, 93 L.Ed. 168, 177 (1948); Jordan v. State, 107 Fla. 333, 335, 144 So. 669, 670 (1932); Harmon v. State, 394 So.2d 121, 124-25 (Fla. 1st DCA 1980). Consequently, the defendant is entitled to an evidentiary hearing aimed at determining whether his attorney provided reasonably effective assistance under the standards set forth in Knight v. State, 394 So.2d 997 (Fla. 1981).
Reversed and remanded for an evidentiary hearing.