SHARP, Judge,
dissenting.
I respectfully dissent. Roberts here appeals the lower court’s denial of his pro se 3.850 motion[1] to vacate judgment and sentence. I believe that, for the purpose of showing whether he is entitled to any relief, his motion is not totally insufficient on its *555 face.[2] He alleged both ineffective assistance of counsel, and more particularly, involuntariness of bis guilty plea. Roberts claims he was under the influence of pain killing drugs when he entered his plea, and that his plea was not voluntary due to his diminished mental capacity. See Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980). He attached copies of hospital records showing administration of considerable quantities of drugs.
The trial court simply denied Roberts’ motion. It attached no records which conclusively refuted Roberts’ allegations, nor did it show that this petition duplicates a petition filed in 1966. More than one petition for post-conviction relief may be entertained, provided each presents a ground not previously stated. Palmer v. State, 273 So.2d 135 (Fla. 3d DCA 1973). I would reverse and remand for an evidentiary hearing.

. Fla.R.Crim.P. 3.850.

. Compare LeDuc v. State, 415 So.2d 721 (Fla.1982), where the trial court denied defendant’s 3.850 motion which alleged ineffective assistance of counsel and involuntariness of guilty plea. Defendant alleged trial counsel coerced him to plead guilty and that counsel failed to accurately relate to him the actual terms of the plea bargain and threatened to leave him without counsel on the day of trial if he did not plead guilty. The Supreme Court reversed and remanded for a hearing on these issues because the motions, files, and record in the case did not conclusively show that defendant was entitled to no relief.