442 So.2d 1024 (1983)
Roger CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-407.
District Court of Appeal of Florida, Fifth District.
December 1, 1983.
Rehearing Denied January 4, 1984.
*1025 Roger Chapman, pro se and Linda Hilsee Coady of Fla. Institutional Legal Services, Inc., Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
This is the second time Chapman has sought relief in this court by appealing from a denial of a 3.850 motion[1] after having been tried and convicted of crimes for which he never should have been prosecuted under Florida Rule of Criminal Procedure 3.640(a), and under the constitutional protections against double jeopardy. U.S. Const. art. V.; Art. I, § 9, Fla. Const. This time we grant his request for relief.
In Chapman's previous appeal,[2] he claimed his constitutional rights had been violated because he was first tried for kidnapping and sexual battery, and convicted of the lesser included offense of false imprisonment and a lesser included sexual battery offense. The trial court granted his motion for new trial. He was thereafter tried on the same information and this time the jury convicted him of the higher offense of kidnapping and the identical lesser included offense of sexual battery. We affirmed on the ground that he had waived his double jeopardy defense by not filing a pre-trial motion attacking the information.
In this proceeding, Chapman filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 claiming the second judgment should be set aside because of ineffective assistance of counsel. His motion was denied by the lower court on April 5, 1983. We ordered a response from the state, and the state asked us to appoint a commissioner to determine Chapman's claim.
On May 24, 1983, we appointed the Honorable Jackson O. Brownlee as commissioner. He held a hearing and filed his report with us on October 12, 1983. He found that Chapman's attorney in the second trial committed "grave error" in failing to raise the defense of double jeopardy in a pre-trial motion. Otherwise he found that trial counsel had not performed below the standard required to provide Chapman with effective representation. He did not find defense counsel incompetent. However, in the interest of justice he recommended that the second judgment and sentence be set aside, and that the trial court be ordered to reduce the conviction to the maximum for which Chapman was convicted in the first trial.
In determining whether or not trial counsel provided services to a defendant at a level of competency which passes constitutional muster, the Florida Supreme Court set forth a four-pronged test:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading. Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel... . Third, the defendant has the burden to show that the specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings... . Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut those assertions as showing beyond a reasonable doubt that there was no prejudice in fact.
Knight v. State, 394 So.2d 997, 1001 (Fla. 1981).
*1026 The error of trial counsel in this case appears to us to satisfy the test in Knight for a finding of incompetent counsel. The omission of failing to raise double jeopardy as a defense was an error clearly established by the pleadings and record. It was a substantial error on counsel's part, since he thought he could later, via a post-trial motion or proceeding, raise Chapman's double jeopardy defenses. Knowledge of the rules of evidence and basic procedure is required in order to provide effective assistance of counsel. Torna v. Wainwright, 649 F.2d 290 (5th Cir.1981); Hopkins v. State, 413 So.2d 443 (Fla. 3d DCA 1982); see also Howard v. State, 417 So.2d 1152 (Fla. 1st DCA 1982). Finally, this deficiency clearly resulted in prejudice to Chapman, since he was convicted of the higher offense which would have been barred had the defense been properly asserted. Under these circumstances it is not possible for the state to show no prejudice occurred.
Chapman's attorney was incompetent under the Knight standard, but only as to that particular error. That error produced Chapman's conviction for the higher felony offense, and in other regards the attorney afforded adequate representation. Under these circumstances we do not think a new trial is required. Accordingly, we reverse the trial court's denial of Chapman's 3.850 motion and remand with directions that Chapman's judgment and sentence be reduced to the lesser included offense of false imprisonment and the lesser included offense of sexual battery for which he was convicted in the first trial. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Ray v. State, 231 So.2d 813 (Fla. 1970); Johnson v. State, 27 Fla. 245, 9 So. 208 (1891).
REVERSED AND REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.850.
[2] Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980).