PER CURIAM.
Jose Miguel Saldane (“Defendant”) appeals his conviction for armed x’obbery on two grounds. First, the Defendant contends that the trial court improperly prohibited the defense from questioning the victim about a perjury investigation arising out of false deposition testimony given by the victim. Second, the Defendant contends that it was error for the trial court to allow the State to introduce evidence regarding the Defendant’s involvement in a crime for which he was not on trial. We find merit in the second contention, and, consequently, remand the case for a new trial.
An armed robbery occurred on January 24, 1994. The next day, January 25, 1994, another armed robbery as well as a homicide were committed. Shortly thereafter, the Defendant was arrested and charged with armed robbery for the January 24th crime, and as an accessory after the fact for the January 25th crime. During interviews with the police, the Defendant made several statements about the January 24th, robbery, as well as the January 25th murder and robbery. The Defendant admitted to the police that he was present at the January 24th crime.
In preparation for trial, the defense deposed the victim of the January 24th robbery. 'Shortly .before the deposition, the victim saw the Defendant. However, at the deposition the victim testified that he had not seen the Defendant since the robbery. After the deposition, the victim stated to an Assistant State Attorney that he had, in fact, seen the Defendant since the robbery.
The instant trial involved the January 24th armed robbery only. Prior to the commencement of the trial, the State moved to exclude any statements made, by the Defendant about the January 25th crime. The trial court ruled that neither party could make any comment regarding the Defendant’s participation'in the January 25th murder and robbery.
The victim testified during direct examination that he lied at his deposition when he stated that he had not seen the Defendant since the robbery. Upon cross-examination, the victim again admitted that he had given false deposition testimony concerning when he had last seen the Defendant. ' Counsel for the defense then asked whether an investiga *45 tion or charge for perjury was pending against the victim as a result of the false deposition testimony. The trial court sustained an objection from the State and prohibited defense counsel’s question.
The arresting officer also testified at trial. During the cross-examination of the arresting officer, the officer testified that a bullet casing found at the scene of the January 24th crime was linked to a gun used in the January 25th crime. The defense then asked the officer several questions regarding the January 25th crime, including whether the Defendant was charged for the January 25th murder. Following the cross-examination of the arresting officer, the trial court agreed with the State that the defense had opened the door to inquiry into the Defendant’s involvement in the January 25th murder and robbery. As a result of this ruling, the State called the detective who investigated the January 25th crime. That detective testified that the Defendant had been charged as an accessory after the fact in the January 25th crime.
The Defendant first alleges that the trial court erred when it prohibited the defense from asking the victim whether an investigation or charge for perjury had been brought as a result of his false deposition testimony. The perjured portion of the victim’s deposition testimony involves when he last saw the Defendant. The defense wished to emphasize this false' testimony as much as possible in an effort to undermine the credibility of the victim’s identification of the Defendant. While it may have been error to prohibit the defense from questioning the victim about an alleged perjury investigation stemming from the victim’s false deposition testimony, see Breedlove v. State, 580 So.2d 605 (Fla.1991); Jean-Mary v. State, 678 So.2d 928 (Fla. 3d DCA 1996), any attack on the victim’s identification of the Defendant is irrelevant because the Defendant admitted to police, in his statement, that he was present at the January 24th crime. Because the Defendant admitted to being present at the time and place of the crime, there is no reasonable possibility that the trial court’s ruling on this issue contributed to the conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We find merit, however, in the Defendant’s second contention that it was improper for the trial court to allow the State to introduce testimony about charges against the Defendant for which he- was not on trial. The charge of accessory after the fact arising out of the January 25th crimes was not the subject of the instant trial. It is well settled that a defendant’s credibility may be impeached only with proof of a prior conviction and not an arrest or criminal charge. See Robinson v. State, 487 So.2d 1040, 1042 (Fla.l986)(“Hearing about other alleged crimes could damn a defendant in the jury’s eyes and be excessively prejudicial.”); Fulton v. State, 335 So.2d 280, 284 (Fla.1976)(“The probative value of such inquiry is outweighed by the likelihood of prejudice to the accused.”); Jordan v. State, 107 Fla. 333, 335, 144 So. 669, 670 (1932)(“It is only permitted to interrogate witnesses as to previous convictions, not mere former arrests or accusations, for crime.”). Consequently, the trial court’s ruling which permitted the State to introduce evidence of an unrelated criminal charge against the Defendant was error and we reverse the defendant’s conviction and remand for a new trial.
Reversed and remanded for’a new trial.