PER CURIAM.
Defendant-appellant Jose Miguel Sal-dane appeals his conviction for armed robbery. We affirm.
Defendant argues that the venire panel should have been stricken after a prospective juror, a former police officer, stated that defendant looked familiar.* Defendant argues that the other prospective jurors would necessarily conclude from the remark that defendant had a criminal record. We disagree. That comment, without more, does not call for dismissal of the entire group of prospective jurors. As one court has stated:
Appellant would have us presume that policemen are on familiar terms only with known criminals. The facts of life are otherwise. The mere fact of a prior acquaintance with officers of the law is as consistent with perfectly innocent activities as it is with prior criminal conduct. In view of this fact, we find that prejudice can result from allusions to a defendant’s prior acquaintance with the police only where it is coupled with some circumstance indicative of prior criminal activity, or where such allusion serves no legitimate purpose and is accompanied by innuendo.
United States v. Brock, 408 F.2d 322, 324 (5th Cir.1969); see also Flowers v. State, 351 So.2d 764, 766 (Fla. 3d DCA 1977).
*1272 Defendant also claims error in the trial court’s order in limine which granted the state’s motion to preclude introduction of evidence of a subsequent crime committed by a co-perpetrator, Tracy McQuinn. Inquiry into that precise area led to this court’s reversal of defendant’s conviction after his first trial. See Saldane v. State, 685 So.2d 43, 45 (Fla. 3d DCA 1996). The trial court was entirely correct in forbidding inquiry into that area on retrial, both to avoid further error and because the evidence defendant desired to adduce was not logically relevant.
Affirmed.

 The former police officer did not serve on the jury-