448 So.2d 578 (1984)
Henry HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-255.
District Court of Appeal of Florida, Fifth District.
April 12, 1984.
*579 Aaron A. Green, P.A., Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant, Henry Harvey, was convicted below of keeping a gambling house pursuant to section 849.01, Florida Statutes (1981).[1] He raises three issues on appeal: (1) the trial court's admission into evidence of his beverage license, which was procured through prosecutorial misconduct; (2) sufficiency of the evidence; and (3) prejudice resulting from an erroneous standard jury instruction. Because of our determination in regard to the third issue, we do not consider the other two.
At the jury trial the state presented only one witness, Alphonzo Junious, an officer for the State Division of Alcohol, Beverage and Tobacco. From April 13, 1982, through July 9, 1982, Junious, in an undercover capacity, visited a bar in Marion County called the "Hi Neighbor Store" on nineteen occasions. Harvey was the licensee of that bar, according to the license records of the Department. During his nineteen visits, Junious observed gambling on some five occasions, and Harvey was present and personally involved on two of those occasions.
At the jury instruction conference the trial court, without objection, decided upon the following instructions adapted from the Florida Standard Jury Instructions, § 849.01-B, Permitting Gambling:
THE COURT: [T]he state must prove the following two elements beyond a reasonable doubt:
First, that Henry Harvey in person or by a servant, clerk or agent, or acting as servant, clerk, agent or employee had direct or indirect charge or control or management of the establishment alleged in the information; and second that Henry Harvey habitually solicited or knowingly permitted gambling at that place.

A single instance or rare and isolated instances of placing bets or gambling would be insufficient to constitute the crime, but if the place was used at frequent intervals as a place or means for betting, gaming or gambling, the crime has been committed even if the principal use of the place was for some other lawful purpose.
It is not necessary to prove that the defendant have the sole and exclusive control or management of the place. It is sufficient if the control or management was exercised jointly with others. But a person would not be guilty of this crime unless that person had sufficient control or management of the place to carry with it the authority to deny or forbid that use of the place.
It is not necessary that the defendant have any personal interest in the gambling or in the use of the place for gambling.
Gambling is a game of chance in which the participant risks money or property on the outcome with the expectation of gaining or losing as a result of the game. (Emphasis added.)
Defense counsel stated that he had no objection to this instruction at that time. Defense counsel also failed to object during *580 closing argument when the state attorney told the jury:
STATE ATTORNEY: ... The second element that the state has to prove is that the defendant habitually  I can't say it like Mr. Green, but I've tried  solicited. That means a lot. That means time after time after time after time after time after time. But right after the word "habitually solicted" comes a simple two-letter word, and that simple two-letter word is "or."
Well, I don't think you're going to get any instruction whatsoever what the definition of "or" is, but based on your common sense, it's like an either/or situation, either he habitually solicited or knowingly permitted gambling at that place.
* * * * * *
... I'd suggest to you again that gambling doesn't have to be  this crime doesn't have to be habitually because of that one two-letter word "or." The law is, I think the judge will tell you when he reads the instructions, either habitually soliciting, going out and trying to get people to join in these games, or knowingly permitted, and the clearest evidence of knowingly permitted is to actually engage in the game.
During deliberations, the jury, understandably confused, returned with a request for reinstruction on the point concerning "habitual knowledge or habitual occasions or knowledge." At that time the defense counsel did object to the court repeating the original instruction. Defense counsel at that time said:
Well, I object to giving it in the form that it appears in this book, Your Honor, and rely on this Ferguson Supreme Court case, because this case here says that habitual use is absolutely a single element. It's not either/or. It's single element. I don't know why that has been modified or how recent this thing is.
The court responded by observing that the instruction he had given was in accordance with that in the instruction book; he then overruled the objection and reinstructed the jury in accordance with the original instruction. The jury then returned with a verdict of guilty, eventuating in this appeal.
In the Second Edition of Florida Standard Jury Instructions in Criminal Cases, at page 201, the instruction herein at issue is set forth as follows:
Before you can find the defendant guilty of Permitting Gambling, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant),
a. [in person or by a servant, clerk or agent,]
b. [acting as servant, clerk, agent or employee,]
had direct or indirect charge, control or management of (place or premises alleged).
2. (Defendant) habitually solicited or knowingly permitted gambling at that place.
After the second element is a note to the judge observing that although the word "knowingly" is implied by the word "permit," it was added for emphasis to the jury. In doing this, however, the committee unfortunately omitted the word "habitually" from the alternative clause in the element, thereby giving rise to the misconstruction utilized in the closing argument of the prosecutor in this case and the resultant jury confusion. The second element in the instruction book should read: "(Defendant) habitually solicited or habitually permitted gambling at that place." See Ferguson v. State, 377 So.2d 709 (Fla. 1979).
The ambivalent wording is clarified to some extent by the paragraph following it, and in most cases probably would not result in error when read in its entirety and not misconstrued by the prosecutor in closing argument, as occurred in this case. The trial judge, when confronted with the jury request and the defense objection, apparently felt obligated to rely on the Instruction Book. Unfortunately, trial attorneys and trial judges often fail to recognize that instructions promulgated by a Supreme *581 Court Committee on Standard Jury Instructions, whether criminal or civil, are merely the work product of a conscientious committee and not immutable postulates from Olympus. Committees, after all, sometimes construct camels rather than race horses.
The Florida Supreme Court, in the conclusion of its opinion authorizing the use of the revised instructions relied upon in the instant case, wrote:
The Court hereby authorizes the publication and use of the revised instructions in criminal cases and the instructions in misdemeanor cases, but without prejudice to the rights of any litigant objecting to the use of one or more of such approved forms of instructions. The Court recognizes that the initial determination of the applicable substantive law in each individual case should be made by the trial judge. Similarly, the Court recognizes that no approval of these instructions by the Court could relieve the trial judge of his responsibility under the law to charge the jury properly and correctly in each case as it comes before him. This order is not to be construed as any intrusion on that responsibility of the trial judges.
See In the Matter of the Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598 (Fla. 1981).
The trial judge in this case should have corrected the misleading instruction. This instruction, the prosecutor's repeated misstatements of the law and the obvious jury confusion deprived Harvey of a fair trial so as to constitute fundamental error which requires reversal even in the absence of timely objections. Wilson v. State, 294 So.2d 327 (Fla. 1974); Jones v. State, 449 So.2d 313 (Fla. 5th DCA 1984); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
REVERSED and REMANDED FOR NEW TRIAL.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 849.01 provides: Keeping Gambling Houses, etc.  Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be guilty of a felony of the third degree, punishable as provided in section 775.082, section 775.083, or section 775.084.