449 So.2d 1302 (1984)
Herbert GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2237.
District Court of Appeal of Florida, Fourth District.
May 2, 1984.
Rehearing Denied May 31, 1984.
*1303 C. William Laystrom, Jr., of Allsworth, Doumar, Padula, Cazel & Curtis, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Herbert Gordon appeals from a judgment and sentence for second degree murder.
Appellant and the victim, while drinking at appellant's cousin's apartment, engaged in a conversation which ultimately turned to the topic of suicide. Appellant had brought a gun to the apartment which he had placed on a shelf after removing a number of bullets. The evidence conflicts as to the sequence of events which ended in the victim's death. Appellant testified that he and the victim got up from the table and he passed the gun to her, but never fully relinquished possession, and that when she pulled it towards her, it discharged. Appellant's cousin, Mincey, testified that appellant grabbed the gun off the shelf, put it to the victim's temple, and it went off. Evelyn Kent, Mincey's fiancee, testified that appellant put a bullet in the gun and placed it beside the victim's head just before she heard the shot. Neither Mincey nor Kent was looking at the victim at the moment the gun fired and both had given statements to the police which to some varying degree conflicted with their trial testimony. After considering this testimony and the other evidence presented, the jury found appellant guilty of second degree murder.
Appellant raises eight points on appeal. We need address only two because they are dispositive. First, appellant contends the statements of the trial judge constituted an impermissible comment on his testimony and veracity. Second, appellant contends the trial judge improperly read the jury instructions relating to his plea of not guilty.
During defense counsel's redirect examination the following colloquy took place between counsel and the trial judge:
Q. In fact, you have been consistent with what your statement is except for the demonstration?
A. Right.
MRS. HOAGUE: Objection, Your Honor, that's not true.
THE COURT: Not only that, it's very leading. The objection is overruled and it isn't true.
MR. CAZEL: Judge, I would never lead a witness.
THE COURT: No, not only that, but it isn't. So I'll sustain it on both grounds.
MRS. HOAGUE: Judge, there have been several prior inconsistent statements.
THE COURT: The objection is sustained.
MR. CAZEL: Judge, I'm going to object to her making that comment.
THE COURT: I'll sustain that objection. Let's go on.
Appellant contends the statements of the trial judge discredited his testimony and that his testimony was crucial because the other witnesses did not see what happened at the moment the gun discharged.
Initially, appellee asserts that appellant did not make a contemporaneous objection and therefore did not preserve the issue for appeal. However, the record reveals that shortly after the exchange, trial adjourned for the day and the next morning appellant moved for a mistrial based on the judge's comments. Under the circumstances, *1304 we find appellant adequately preserved the question for review.
Appellee also argues that the judge's statements refer to the question posed by defense counsel, rather than the answer given by appellant. Further, that the trial judge properly rebuked counsel for an improper examination of a witness.
We find that the jury could have inferred that the judge's statements related to appellant's testimony and that any such comments, even if they were intended solely as a rebuke of counsel, should have been made outside the presence of the jury. In Hamilton v. State, 109 So.2d 422 (Fla. 3d DCA 1959), the court stated as follows:
The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it thereby destroys the impartiality of the trial to which the litigant or accused is entitled.
Id. at 424; see also Kellum v. State, 104 So.2d 99 (Fla. 3d DCA 1958).
Since the court's remarks in this case could have been interpreted by a jury as a comment on appellant's veracity and therefore influenced their deliberations, we find the trial court erred. However, we do not find these statements alone warrant reversal.
Appellant urges this court to consider the judge's comments in conjunction with his misreading of one of the jury instructions:
The defendant has entered his plea of guilty to the offense as charged in this Information. This means that you must presume or believe that the defendant is innocent. That presumption stays with the defendant as to each material allegation in the Information and through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt. [Emphasis added.]
Appellant argues that the combined effect of this misreading and the prior statements made by the court warrant a new trial. We agree.
In this case, neither of the incidents complained of by appellant is sufficient, standing alone, to warrant reversal. Their cumulative effect, however, constitutes prejudicial error. See Perkins v. State, 349 So.2d 776 (Fla. 2d DCA 1977). Because the other witnesses did not observe the victim's actions at the time the gun discharged, appellant's testimony and his credibility were crucial. We find the combined effect of the judge's statements and the misreading of the jury instruction sufficient to influence the jury's deliberations, thereby depriving appellant of a fair trial. Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
BERANEK, J., concurs.
HERSEY, J., dissents with opinion.
HERSEY, Judge, dissenting.
With all due respect to the majority view I dissent, because: the trial court's comment was provoked by defense counsel and referred to counsel's question, not the answer. Misreading of the instruction was harmless error. Neither point was properly preserved for appeal. I would affirm.