WIGGINTON, Judge.
Appellant appeals her convictions after trial by jury of first degree murder of her husband with a firearm and aggravated *132 battery with a firearm of Frances Farren. We reverse and remand for a new trial.
Appellant’s major defense at trial was excusable homicide. At the charge conference, the attorneys and the judge did not specifically mention a charge on excusable homicide, but they agreed that the standard charges would be given save for certain exceptions. The Standard Jury Instruction (1981) on excusable homicide reads as follows:
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner. (Emphasis supplied).
The Standard Jury Instructions direct that a full instruction on excusable homicide should include the following additional instruction:
An issue in this case is whether the killing of (victim) was excusable.
A killing of a human being is excusable if committed by accident and misfortune. In order to find the killing was committed by accident and misfortune you must find the defendant was:
1. a. doing a lawful act by lawful means and with usual care and
b. acting without any unlawful intent.
2. in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.
3. engaged in sudden combat. However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable.
Definition A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.
The judge read the following excusable homicide instruction to the jury:
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
According to the trial transcript, on the last morning of trial, immediately prior to the closing arguments, the judge and the attorneys received the typed charges and made some changes, which resulted in the charges being retyped while the closing arguments were being made. The transcript does not indicate the nature of those late-hour changes but no one contends that they related to the excusable homicide instruction. The final copies were distributed to the attorneys immediately after the conclusion of the closing arguments and prior to the charging of the jury. At that time, the judge held a bench conference at which the following colloquy took place:
MR. EDGAR [PROSECUTOR]: Does the defense have any requests for additional instruction or change in the instructions that have been proposed and handed to them?
MR. KIMMEL [DEFENSE COUNSEL]: None by the defense.
MR. EDGAR: None by the state.
Thereupon, the judge began to read to the jury the typed instructions, a copy of which had been given to each juror. During the reading of the instructions, defense counsel attempted to interrupt the judge to object but the judge directed him to wait until the conclusion of the instructions, at which time, before the jury was sent from the room, at a side bar conference, defense counsel raised the objection that the in *133 struction on excusable homicide, as read, did not conform to the standard jury instruction. The judge replied that the instruction he read was basically the same as the standard instruction. He refused to change the instruction or give a curative instruction.
The instruction as read by the judge was defective for two reasons. First, it was incomplete in that it did not include the second portion of the standard instruction which was applicable to the facts of this case. Second, the instruction read by the judge excluded the phrase “upon any sudden and sufficient provocation, or ...” which, in our view, changed the meaning of the excusable homicide instruction to the point that the instruction became “equivocal, incomplete or confusing.” Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). In Blitch, the judge read only the introductory excusable homicide instruction despite the fact that he had expressly agreed with defense counsel to read parts one and two of the additional three-part instruction on excusable homicide. When, at the conclusion of the instructions, defense counsel advised the judge that he had failed to read the additional instruction as agreed, the judge denied the renewed request for instruction on that additional part, surmising that his summary instruction was “sufficient.” On appeal, the court reversed on that ground, concluding that a judge’s instruction on a theory of defense should not be equivocal, incomplete or confusing and that a reading of the additional instruction would have prevented the possibility of any confusion on the jury’s part as to certain misinterpretations of the introductory instruction. Compare also Colon v. State, 430 So.2d 965 (Fla. 2d DCA 1983), where, in giving the additional instruction, the judge connected parts one, two and three with the conjunction “and” when the conjunction “or” actually should have been used. The court found that error to be harmful.
Similarly, in the instant case, the reading of only the abbreviated version of the introductory instruction was harmful in that the abbreviated version itself created confusion, and, by omitting the full standard jury instruction on excusable homicide, the judge failed to properly apprise the jury of the full defense available. Since the instruction, as read, very likely may have misled or confused the jury as to appellant’s available defense, the error was harmful and requires that this cause be remanded for a new trial.
The state contends that the jury instruction issue should not be reviewed on appeal because of defense counsel’s failure to meet the contemporaneous objection rule. We find that contention to be without merit since, although defense counsel probably could have and should have brought the matter to the trial judge’s attention earlier, he did raise a timely objection before the jury retired for deliberation.
Another point raised by appellant merits discussion. Prior to trial, while appellant was being retained in the county jail, the state had occasion to investigate an alleged conspiracy to murder the key state witness in appellant’s case. While searching appellant’s personal belongings at the jail during the course of the investigation, the prosecutor found a letter addressed to appellant’s attorney in which appellant recounted her various activities on the day of the murder. Prior to trial, defense counsel was successful in convincing the judge to rule that the letter was privileged. The judge instructed the state not to produce any evidence or material at trial that was gained only as a result of that letter. However, during appellant’s testimony, the prosecutor asked her a question which, upon defense counsel’s motion for a mistrial, the prosecutor admitted was posed from knowledge he gained solely from the fruits of the letter. However, the prosecutor pointed out that he was not presenting any evidence on the question and would not attempt to impeach the answer of appellant on that point. The judge ruled that the state could not impeach appellant’s answer to that question with the use of any information obtained through the letter and then denied the motion for mistrial. In our view, the judge’s ruling, if error at all, was *134 harmless. However, for purposes of the new trial, the prosecutor should refrain entirely from making any reference at trial to any information gained solely as a result of the discovery of the letter, in keeping with the judge’s pretrial ruling.
Appellant has raised a final point, alleging that several improper comments were made by the prosecutor during closing argument. However, having reviewed the comments, we do not find them to constitute reversible error. Further, appellant has seemingly abandoned this issue on appeal, having made no argument in support of her position thereon.
REVERSED and remanded to the trial court for a new trial.
JOANOS and BARFIELD, JJ., concur.
ON MOTION FOR CLARIFICATION
WIGGINTON, Judge.
This Court’s opinion reversing and remanding the cause for a new trial pertains to appellant’s conviction of first degree murder of her husband with a firearm. Appellant’s conviction of aggravated battery with a firearm of Frances Farren is affirmed.
JOANOS and BARFIELD, JJ., concur.