462 So.2d 840 (1985)
Mack BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. AX-452.
District Court of Appeal of Florida, First District.
January 11, 1985.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SMITH, Judge.
Brown appeals his convictions for second degree murder and second degree arson. He contends that he is entitled to a new trial due to an erroneous jury instruction as well as an improper closing argument made by the prosecutors below. We agree with appellant and therefore reverse and remand for a new trial.
Lester Paul "Speedy" Ketchum was found dead in his mobile home trailer by the Jacksonville police at approximately 1:50 p.m. on February 24, 1983. Several months later, appellant was arrested and charged with second degree murder and second degree arson. The state filed a statement of particulars, on request by appellant, specifying that the crimes charged occurred on or about February 24, 1983, "between 12:15 p.m. and 1:45 p.m." Whether or not the trial court's jury instructions and the state's closing argument allowed the jury to disregard the legal import of the statement of particulars is at issue.
*841 The primary inculpatory evidence came from two of appellant's acquaintances, Michael Holmes and Daniel Anderson, Jr. They testified that in the summer of 1983 appellant told them that he had killed the victim (who died of multiple stab wounds). Holmes said appellant stated that he had attempted to set fire to the victim's mobile home to "cover up" the death.
Since appellant relied in part upon alibi evidence, the time of death was a crucial issue and was the subject of much conflicting and contradictory evidence at trial. Testimony from Dr. Floro, the medical examiner, placed the time of the victim's death at two to four hours before the police arrived at the victim's partially burned mobile home, or between 10:00 a.m. and 12:00 noon. Two of the victim's neighbors testified they saw Speedy's van, with two black male occupants, drive away from Speedy's mobile home on the day of the offense. Stansell Smith fixed the time of the sighting at 11:30 a.m., and Jenell Gilmer testified that she saw the departing van at between 1:00 and 1:30 p.m. Appellant is black; the deceased was white.
Appellant's girl friend, Rubie Follow, testified that appellant was with her at her home for 45 minutes to an hour, between 11:00 a.m. and 1:00 p.m. She emphasized that he was there before a particular "soap opera" came on television at 12:30 p.m. Appellant, testifying in his own behalf, stated that it was he who reported the murder to the Jacksonville Sheriff's Office at approximately 1:45 p.m. on the day in question. Appellant gave the following account of the incident: The victim, who was a co-worker, picked appellant up at 8:00 a.m. on the day of the murder-arson. After dropping another of the victim's work vehicles off at a nearby mechanic's garage, the victim and appellant proceeded to another part of town in the victim's white van to install a washer and dryer. After returning to their then-current employer, McDuff Appliances, appellant dropped the victim off at the victim's trailer at approximately 12:30 p.m., and proceeded in the victim's van to the residence of appellant's girl friend, where he stayed for approximately 45 minutes. Appellant then returned to the mechanic's garage to inquire as to the repair status of the victim's truck. Subsequently, appellant proceeded to the victim's trailer. Upon arrival, he discovered the victim's trailer padlocked and apparently on fire. Appellant forced his way into the trailer, discovered the victim, then drove to a convenience store where he telephoned the police, after which he returned to the victim's trailer with the mechanic who was working on the victim's other truck.
The events at trial relied upon for reversal by appellant occurred after both sides had rested. During the rebuttal portion of closing argument, the prosecutor referred to the testimony of Dr. Floro that the victim probably died between two and four hours prior to the arrival of the police. Emphasizing this testimony, as well as that of Stansell Smith regarding the departure of the victim's van from the murder-arson scene at 11:30 a.m., the prosecutor argued that the victim's murder could have taken place before noon on the day in question:
Then, we know according to Dr. Floro that Speedy Ketchum died no earlier than 10:00 o'clock... .
* * * * * *
Now, all of a sudden Stansell Smith sees the defendant at 11:30 coming out of Speedy's drive and we know between these two times to be the time that Lester Ketchum died and we know the defendant came out of the driveway, that the defendant had it in his custody all day long and we know they were coming out of the driveway at 11:30, so all of a sudden it makes a little more sense.
* * * * * *
We know that ... Lester Paul Ketchum was dead at 12:30. As a matter of fact, he was dead by 12:00 o'clock... .
In response to this argument, appellant's counsel moved for a mistrial, arguing that the prosecutor was implying that the crime took place at a time outside the statement of particulars. This motion, as well as counsel's motion for a judgment of acquittal *842 based on the same grounds, were both denied by the trial court. The prosecutor then drew a chart indicating the various events described by the testimony, as well as the times these events allegedly occurred. This chart utilized Dr. Floro's testimony by characterizing 10:00 a.m. as the "earliest [time of] death" and 12:00 noon as the "latest [time of] death." The state's rebuttal jury argument theorized that the homicide took place before noon, and that Brown returned to the mobile home later to set the fires.
Appellant's counsel renewed her motions for mistrial and acquittal at the close of the state's final argument. During argument on these motions, the prosecutor made an oral motion to amend the statement of particulars to change the alleged time of death from 10:00 a.m. to 1:48 p.m. (1:48 p.m. is the time Brown telephoned police to report the crimes), rather than 12:15 p.m. to 1:45 p.m. The trial court denied appellant's motions, but also denied the state's motion to amend the statement of particulars, finding that prejudice would otherwise result to appellant with respect to his alibi defense.[1] Appellant's counsel then requested a jury instruction to clarify for the jury its legal duty to disregard the evidence outside the statement of particulars alluded to by the prosecutor. The trial court denied the instruction as requested, and instead gave a portion of the requested instruction  after being incorrectly advised by the state that its Statement of Particulars contained the word "approximately"  as follows:
In this case the State has by a separate pleading entitled a Statement of Particulars, alleged that the crime occurred at a particular time and date.
The State is bound by their pleadings and must prove beyond a reasonable doubt that the crime alleged in the case occurred in the time period  that is, between approximately 12:15 P.M. and 1:35 P.M. [sic], February 24, 1983. (emphasis supplied)
As can be seen from the arguments of counsel, briefly summarized here, the issues on appeal are far from clear-cut. Appellant contends that the prosecutor's actions in arguing that the crime occurred before noon changed the prosecution's theory of the case, allowing appellant's counsel no opportunity for rebuttal. He also contends that the trial court's amended jury instruction effectively granted the state's motion to amend the statement of particulars. Appellant further maintains that the state's argument amounts to a waiver of its original theory of prosecution; that is, that the crimes occurred between 12:15 p.m. and 1:45 p.m., and that since the evidence actually presented at trial failed to conform to the statement of particulars, appellant was entitled to a judgment of acquittal. Finally, he asserts that since the state's argument to the jury clearly shows the state's reliance upon evidence supporting a finding that appellant committed the crimes before the time period specified in the statement of particulars, as well as evidence pointing to commission of the crimes within the specified period, the trial court erred in allowing the jury to return a general verdict which does not specify which theory the jury adopted, as they may have impermissibly found that the crimes occurred outside the statement of particulars, or may not have been unanimous in their determination of this factual issue.
In response, the state contends that Dr. Floro's testimony was recognized during closing argument by the prosecutor as tentative and uncertain, and hence did not point unequivocally towards an occurrence of the crimes outside the statement of particulars. Accordingly, the state argues, the prosecutor's argument did not represent a "new theory" of prosecution, but merely a comment on the evidence well in line with the traditional wide latitude given prosecutors on closing argument. Regarding the disputed jury instruction, the state argues that appellant's trial counsel failed to specifically object to the instruction, and *843 hence waived the point in this court. Moreover, the state asserts, even if the objection was properly preserved, and even if it is assumed, arguendo, that the instruction amounted to an amendment to the statement of particulars, the "amendment" was proper because appellant was not prejudiced. The state points out that appellant was able to offer a number of alibi witnesses who testified as to appellant's whereabouts between 11:00 a.m. and 12:30 p.m., which tended to negate appellant's participation in the crimes during a portion of the "time of death" testimony of Dr. Floro. In addition, the state also notes that a defense witness placed the victim, alive, in the McDuff Appliance Store at approximately 11:45 a.m. to 12:30 p.m.
The arguments presented by both sides revolve around appellant's major premise that the prosecutor's closing argument was improper, and that this impropriety, coupled with the erroneous jury instruction, prejudiced appellant in his defense. Accordingly, we do not address the various arguments seriatim, but focus on what appear to us to be the critical issues. Initially, we agree with appellant that the trial court's amended jury instruction, which included the word "approximately," amounted to a functional granting of the state's motion to amend the statement of particulars in derogation of the court's formal denial of the motion. See Gaines v. State, 406 So.2d 523, 525-526, n. 4 (Fla. 4th DCA 1981). As noted by both parties, amendments to a statement of particulars are allowed only where a trial court finds that the defendant will not be prejudiced in his defense. Taylor v. State, 444 So.2d 931, 935 (Fla. 1983); Stang v. State, 421 So.2d 147, 149 (Fla. 1982); Hoffman v. State, 397 So.2d 288, 290 (Fla. 1981). Here, the trial court specifically found that appellant would be prejudiced by any amendment.[2] We are inclined to accord great weight to this ruling, given the trial court's superior vantage point from which to gauge the evidence. This is especially so in a case such as this where the credibility of the various witnesses is crucial to the case, and where the evidence of guilt is virtually all circumstantial, except for appellant's own alleged admissions.[3]
The challenged instruction, indicating that the jury could convict appellant for committing the crimes even if they found the crimes occurred at a time outside the statement of particulars, invited the jury to tread on impermissible territory. See, Lynch v. State, 293 So.2d 44, 46 (Fla. 1974). Where, as here, the evidence is conflicting, confusing, and susceptible to interpretations favorable as well as adverse to the accused, depending entirely on the jury's evaluation and determination of its legal effect, the giving of confusing and misleading instructions is harmful, not harmless error. Clark v. State, 461 So.2d 131 (Fla. 1st DCA 1984); Blitch v. State, 427 So.2d 785, 787 (Fla. 4th DCA 1983). Other courts have reached the same result where confused and misleading jury instructions are combined with prosecutorial misstatements of the law. Harvey v. State, 448 So.2d 578 (Fla. 5th DCA 1984); see also Gordon v. State, 449 So.2d 1302, 1304 (Fla. 4th DCA 1984); Barnes v. State, 348 So.2d 599, 601 (Fla. 4th DCA 1977). Here, the prosecutor's "misstatements," while indirect, nevertheless implied that the jury was legally free to convict appellant of having committed the crimes at a time other than that period specified in the statement of particulars.[4]
*844 We think procedural confusion was created by the prosecution's actions and by the trial court's conflicting rulings formally denying but effectively granting the state's motion to amend. Defense counsel had tried the case and had completed her closing argument when these events occurred. We note the trial judge's serious concern as to the posture of the case at the time the issues were being argued below. The net effect, in our judgment, is that the trial court erred in giving the challenged instruction including the word "approximately," as well as in failing to grant a new trial based on the prosecutor's eleventh hour rebuttal argument urging the jury's reliance upon evidence establishing that the crime might have taken place outside the statement of particulars. Considering the seriousness of the charges and the equivocal nature of much of the evidence relied upon for conviction, we are persuaded that appellant has demonstrated prejudice. Stang v. State, supra.
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED with directions.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The trial court stated: "The motion to amend the statement of particulars will be denied. I find prejudice to the [appellant] arising from the completion of the evidence, his inability to cope with the evidence as argued by the Assistant State Attorney."
[2] We find support for the trial judge's ruling. The purpose of a statement of particulars is to fully advise the defendant of the nature and cause of the accusation against him, and to afford him the opportunity to prepare a defense. Hunter v. State, 200 So.2d 577 (Fla. 3d DCA 1967). To charge that the crime was committed during one specific time, and to prove that it was committed at another time can have a devastating effect upon an accused's ability to prepare and present a defense. See, Jackson v. State, 350 So.2d 808, 809 (Fla. 2d DCA 1977).
[3] There is a dearth of direct factual evidence or physical evidence tying appellant to the crimes. The murder weapon was never found.
[4] Although not all prosecutorial error is per se reversible, such error will be reversible where the result is to deny a defendant a fair trial, or where the error is so basic as to never be harmless; that is, the error is fundamental. State v. Murray, 443 So.2d 955 (Fla. 1983).