510 So.2d 1152 (1987)
The STATE of Florida, Appellant,
v.
Rickie Lee PALMORE, Appellee.
Nos. 83-2970, 84-60.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellant.
Samek & Besser and Lawrence Besser, Miami, for appellee.
Before NESBITT, BASKIN, and JORGENSON, JJ.
NESBITT, Judge.
The state appeals from a suppression order, issued by the trial court, barring the admission of Palmore's sworn statement from the state's case-in-chief.[1] We reverse.
*1153 Palmore filed a motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The motion accepted as truthful and undisputed many of the facts which were alleged by the victim. In support of the motion, Palmore filed an affidavit swearing to the truthfulness of the facts and assertions contained in the motion. Palmore subsequently withdrew the motion.
At a hearing on pretrial motions, the state requested a ruling on the admissibility of Palmore's sworn statement. Palmore conceded that the statement was admissible for purposes of impeachment, but objected to its admissibility in the state's case-in-chief. The trial court held that the state may use the statement only for purposes of impeachment or rebuttal.
On appeal, the state contends that Palmore's written statement is an adoptive admission and should therefore be admissible in its case-in-chief. Palmore contends that the trial court's ruling is correct and comports with the rules of evidence.
As a general rule, evidence which is inadmissible for one purpose may be admissible for another purpose. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); C.W. Ehrhardt, Florida Evidence § 107.1 (2d ed. 1984); see § 90.107, Fla. Stat. (1985). Although Palmore's statement may be inadmissible for the purpose of bolstering the victim's testimony, Van Gallon v. State, 50 So.2d 882 (Fla. 1951); Holliday v. State, 389 So.2d 679 (Fla. 3d DCA 1980), this does not mean that the statement is excluded for all purposes.
Under section 90.803(18)(b), Florida Statutes (1985), a statement offered against a party, and to which the party has manifested his adoption or belief in its truth, may be admitted as substantive evidence against that party. This is so, regardless of whether the statement is against interest, and notwithstanding that the statement may otherwise constitute inadmissible hearsay. C.W. Ehrhardt, supra, § 803.18.
In the present case, Palmore expressly manifested his belief in the truth of the statements contained in the motion to dismiss, thereby adopting those statements as his own. See Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983); see also United States v. Johnson, 529 F.2d 581 (8th Cir.), cert. denied, 426 U.S. 909, 96 S.Ct. 2233, 48 L.Ed.2d 835 (1976). Since the statements are relevant to the issue of guilt, they are admissible as an adoptive admission and may be admitted in the state's case-in-chief.[2]Cf. Leslie v. State, 35 Fla. 171, 17 So. 555 (1895) (statement made by the defendant in an affidavit submitted with motion for a continuance may be admitted as an admission against the defendant); Newton v. State, 21 Fla. 53 (1884) (same). Because the statements are equivalent to a confession, they may not be admitted, however, without prima facie proof of the corpus delicti of the crime. Jefferson v. State, 128 So.2d 132 (Fla. 1961).
As a final note, we reject Palmore's contention that the sworn statement, made in support of his motion to dismiss, may not be used against him at trial since this would impinge upon his right to seek a motion to dismiss. His attempt to analogize this case to Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), is without merit. In Simmons, the United States Supreme Court held that if damaging admissions made by the defendant in support of a motion to suppress could be used against him, the defendant would be forced to choose between exercising one of two constitutionally *1154 protected rights: the right to remain silent and the right to be free from unlawful searches and seizures. The Court found that this would have an impermissible chilling effect upon the defendant's exercise of his constitutional rights, and therefore, reluctantly held that statements made under such circumstances are inadmissible at trial.
In the present case, even assuming that the defendant was forced to make damaging admissions to secure a dismissal,[3] there is no constitutionally protected right to make a motion for a dismissal. Therefore, the defendant is not forced to make a choice between two constitutional rights.[4] Because Simmons is expressly limited to cases in which the exercise of a constitutional right conflicts with exercise of another constitutional right, 390 U.S. at 394, 88 S.Ct. at 976, it is not applicable in this case.
Since these statements may be admitted against Palmore as an adoptive admission under section 90.803(18)(b), we find that the trial court erred in denying the state's motion. Accordingly, the order under review is
Reversed.
BASKIN, Judge (dissenting).
The majority permits the state to use as substantive evidence against Palmore statements contained in a sworn motion to dismiss he filed and then withdrew. The majority's holding pivots on the assumption that Palmore was not required to adopt the victim's version of the facts in filing his motion to dismiss; however, contrary to the majority's view, Florida Rule of Criminal Procedure 3.190(c)(4) requires the very procedure he followed.[1]See State v. Davis, 243 So.2d 587 (Fla. 1971); State v. Fordham, 465 So.2d 580, 581 (Fla. 5th DCA 1985). Fordham dictates that the accused swear to facts based upon his own knowledge, not upon "information and belief." Carroll v. State, 251 So.2d 866 (Fla. 1971), holds that a defendant need not waive a constitutional right (i.e., speedy trial) in order to assert the insufficiency of the information lodged against him. Thus, *1155 characterizing Palmore's belief in the truth of the statements as an "adoptive admission" and ruling that Palmore abandoned his denial of guilt deprives Palmore of his constitutional right to be fully informed of the charges against him, and places him in a dilemma analogous to the one faced by the defendant in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968): he must choose between denying guilt and challenging the sufficiency of the information.[2] Accordingly, I would hold that the trial court correctly limited the state's use of the statement to impeachment or rebuttal and would affirm its ruling.
NOTES
[1] This appeal is properly brought on behalf of the state, pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B), as authorized by the Supreme Court of Florida in State v. Palmore, 495 So.2d 1170 (Fla. 1986), quashing this court's previous dismissal of the state's appeal at State v. Palmore, 469 So.2d 136 (Fla. 3d DCA 1984).
[2] We note that although Palmore subsequently withdrew his motion to dismiss, this does not erase the existence of his sworn statement adopting the facts contained within the motion as true. Therefore, the fact that the motion was subsequently withdrawn does not affect the admissibility of Palmore's accompanying statement. This does not mean that Palmore cannot deny either that he made the statements or that they are truthful. However, such denials are not grounds for denying admission of the statements. Seaboard Coast Line R.R. Co. v. Nieuwendaal, 253 So.2d 451 (Fla. 2d DCA 1971), cert. denied, 262 So.2d 682 (Fla. 1972).
[3] The Supreme Court recognized that the reason a defendant was forced to choose between two rights in a case such as Simmons is because, at one time, a defendant was required to assert some proprietary interest in the unlawfully seized item or the searched premises in order to gain standing to challenge the unlawful seizure or search. Simmons, 390 U.S. at 389-90, 88 S.Ct. at 973-74. Such an admission, if used against the defendant at trial, could conclusively establish that an illegal item belonged to the defendant or that he was aware of its presence. This could obviously be very damaging to the defendant's case. In the present case, unlike the proprietary requirement which formerly existed in fourth amendment cases, Florida Rule of Criminal Procedure 3.190(c)(4) does not require a defendant to admit the truth of facts which are not material to his motion to dismiss. Therefore, we see no reason why Palmore was forced to admit the facts in the motion, instead of asserting that even if the facts were true, they were not material, and that based upon the admitted undisputed material facts, the state failed to establish a prima facie case.
[4] Even if a defendant were forced to choose between making inculpatory admissions in a motion to dismiss or not making the motion, the defendant would not be deprived of his constitutional right to be informed of the nature and cause of the accusation against him, as the defendant would be free to seek a statement of particulars under Florida Rule of Criminal Procedure 3.140(n). Cf. Stang v. State, 421 So.2d 147, 149 (Fla. 1982) (the purpose of the bill of particulars is provide notice to the defendant of the nature of and cause of the accusations against him so that he is afforded the opportunity to prepare a defense); Brown v. State, 462 So.2d 840, 843 n. 2 (Fla. 1st DCA 1985) (same).
[1] Fla.R.Crim.P. 3.190(c)(4) provides:

(c) Time for Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
.....
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.
[2] The majority suggests, at n. 4, that a bill of particulars would fully inform a defendant of the accusations against him to the extent necessary for preparation of a defense. Palmore, however, seeks, as is his right, dismissal of the charges at an earlier stage of the proceedings to avoid the necessity of preparing a defense.