537 So.2d 1116 (1989)
Herbert M. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0992.
District Court of Appeal of Florida, Fourth District.
February 1, 1989.
*1117 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted of possession of cocaine and sentenced to four years in prison. Prior to trial, he filed a motion to dismiss the charges against him on the ground that he had been denied due process because of a violation of the rule set forth in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The alleged Brady violation arose as a result of state action in either negligently destroying or losing evidence favorable to appellant. In the absence of said evidence, in order to seek dismissal of the charges, it was necessary that appellant admit many of the facts alleged against him. Having done so at a hearing on said motion, the state announced that it intended to offer a transcript of said hearing at trial during its case in chief. Appellant objected, contending that the use of his pretrial testimony in support of his motion as substantive evidence against him in order to prove dominion and control of the contraband involved herein would be error. Appellant submitted that use of such testimony given in the exercise of a constitutional right (to prove the Brady violation) would require the surrender of another equally important constitutional right (his Fifth Amendment right against self incrimination). That objection was overruled and forms the basis of the first point on appeal.
The charge upon which appellant's conviction rests was possession of cocaine. The contraband was found in a house wherein appellant was located with others, which required the state to prove that appellant had possession or control thereof. Appellant's proof on the pretrial motion to dismiss showed that he lived in the house and stayed in the particular room in which the cocaine was found. Apparently, had the lost or destroyed evidence been available appellant would not have been required to testify to these inculpatory facts. For the state to then use a transcript of that hearing as substantive evidence of appellant's guilt has been condemned.
In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Court held that it was:
intolerable that one constitutional right should have to be surrendered in order to assert another. We therefore hold that when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection.
88 S.Ct. at 970. Lest the reference to Fourth Amendment rights be taken as a limitation on the application of the rule generally, we point out that the Simmons Court made it clear that the rule announced was not so delineated. Rather, the Court said, the analysis applied to any situation in which the "benefit" to be gained is that afforded by another provision of the Bill of Rights. The Third Circuit Court of Appeals followed Simmons in United States v. Inmon, 568 F.2d 326, 333 (3d Cir.1977), wherein that court said:
The reasoning in Simmons is compelling, and we follow it in this case. Inmon may not be required, as [sic] the cost of litigating what he and his counsel believe to be a valid fifth amendment double jeopardy claim, to waive the fifth amendment privilege against self-incrimination in a later trial. If he testifies in the pretrial double jeopardy hearing, his testimony may not be used against him either on the conspiracy count, if the district court *1118 rejects his claim, or on the substantive counts.
The state concedes that this rationale for the Simmons rule has been followed in other federal cases.[1] However, the state cites State v. Palmore, 510 So.2d 1152 (Fla. 3d DCA 1987), as support for the action of the trial court here; although that case does not purport to conflict with Simmons. Instead that case distinguishes Simmons by pointing out that the defendant in Palmore was not forced to choose between exercising one of two constitutionally protected rights. While admissions made in a pretrial motion to dismiss were allowed as substantive evidence in Palmore, they did not involve the exercise of a constitutional right, as in the instant case.
Finally, the state argues that the admission of the pretrial transcript in this case was harmless error. We disagree. The key question here was appellant's dominion and control over the cocaine. We surely cannot say beyond a reasonable doubt that evidence out of appellant's own mouth demonstrating dominion and control would not reasonably have had any effect on the trier of fact in determining guilt. That is what is required under the present state of the law. State v. Lee, 531 So.2d 133 (Fla. 1988); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We have considered appellant's other points and find no reversible error demonstrated therein.
This case is reversed and remanded for a new trial consistent with this opinion.
HERSEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] Pedrero v. Wainwright, 590 F.2d 1383 (5th Cir.), cert. denied, 444 U.S. 943, 100 S.Ct. 299, 62 L.Ed.2d 310 (1979); and United States v. Garcia, 721 F.2d 721 (11th Cir.1983).