PER CURIAM.
This appeal is taken from a conviction and a fifteen-year minimum mandatory sentence for trafficking in cocaine. The State cross-appeals the trial court’s refusal to impose the $250,000 mandatory fine required by section 893.135(l)(d)(3), Florida Statutes (1987).
On the defendant’s main point, we hold that the attempted impeachment by reference to prior inconsistent statements given in a pretrial sworn motion to dismiss was permissible. State v. Palmore, 510 So.2d 1152 (Fla. 3d DCA 1987). The leading question on cross-examination, that the defendant had no personal knowledge of the matters sworn to in the affidavit, did not constitute reversible error as a prejudicial disparagement of the defendant’s attorney. The alleged error caused no substantial harm and was cured by the court’s instruction ordering the jury to ignore the remark. Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982).
Contrary to the court’s expressed belief, the mandatory fine has not been declared unconstitutional. Failure to impose the fine requires reversal. State v. Thompson, 542 So.2d 1049 (Fla. 3d DCA 1989).
The conviction and sentence to a number of years is affirmed; the refusal or failure to impose the mandatory fine is reversed, and the cause is remanded with instructions to impose the fine.