PER CURIAM.
Defendant appeals from judgments of conviction for possession of cocaine and possession of marijuana with the intent to sell both within 1,000 feet of a public school. We affirm.
Defendant’s first trial on these charges ended in a deadlocked jury and a mistrial. Before that first trial, defendant had filed a sworn motion to dismiss, making certain admissions as to the facts charged in the information and alleging that the State would be unable to prove that the “objects” he was allegedly seen exchanging were, or contained, illegal narcotics.
In the second trial, the court allowed the State to introduce the admissions the defendant made in that earlier pretrial sworn motion to dismiss, provided that the State first prove the corpus delicti of the crime charged. The motion was not read, but it was submitted to the jury as evidence. The admissions had not been allowed into evidence in the first trial only because the state had attempted to introduce the admissions in the middle of the trial, without notice to the defendant of its intent to use the admissions. The jury returned a verdict of guilty; defendant appeals.
The record shows that the state established the corpus delicti. See State v. Wallace, 734 So.2d 1126 (Fla. 3d DCA 1999). The facts averred in the motion to dismiss were not the sole bases for conviction. State v. Palmore, 510 So.2d 1152 (Fla. 3d DCA 1987); Garmon v. State, 772 So.2d 43 (Fla. 4th DCA 2000). In fact, all facts the defendant admitted in the motion were brought forward by witnesses at the second trial.
Affirmed.