# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2159

_____

RUDOLPH ANDREWS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

April 10, 2018

PER CURIAM.

Appellant Rudolph Andrews, convicted of trafficking in cocaine, filed a timely motion and then amended motion under rule 3.850, Florida Rules of Criminal Procedure, asserting that his trial counsel acted ineffectively.[1]  Appellant's amended motion was denied without an evidentiary hearing — the trial court finding that Appellant did not meet the prejudice prong of the standard provided in *Strickland v. Washington*, 466 U.S. 668

_____

[1] The amended motion for post-conviction relief raised no new issues and was therefore timely since it related back to the initial motion. *See Lukehart v. State*, 70 So. 3d 503 (Fla. 2011).

(1984), and he appeals. The State concedes error, we accept the concession, and reverse for an evidentiary hearing on the motion.

Appellant's specific issue was that counsel was ineffective by failing to object when the State had the court reporter from the hearing on Appellant's motion to suppress read portions of Appellant's testimony from the suppression hearing to the jury during trial. Appellant did not testify at trial, so there is no argument that the Appellant's testimony at the suppression hearing was being used as impeachment at trial.

A defendant's testimony during a hearing on a motion to suppress may not be entered into evidence against him in a subsequent trial. *See Simmons v. United States*, 390 U.S. 377, 394 (1968). After a full review of the record, we cannot conclude that the admission of Appellant's testimony did not cause Appellant prejudice. *Johnson v. State*, 537 So. 2d 1116, 1117-18 (Fla. 4th DCA 1989).[2] We therefore reverse and remand for the

_____

[2] As in *Johnson,* "the key question here was appellant's dominion and control over the cocaine. We surely cannot say beyond a reasonable doubt that evidence out of appellant's own mouth demonstrating dominion and control would not reasonably have had any effect on the trier of fact in determining guilt." *Id.* at 1118.

This court conducted a comparison between the testimony read before the jury, and the full transcript of the hearing testimony. The comparison reflected that at least twice the reporter read abbreviated selections which resulted in the appearance that Appellant admitted he knew he had possessed the cocaine removed from his boxer shorts. However, a full reading of the transcript reflects that Appellant did not appear to be admitting guilt, but was instead confirming that the cocaine had been removed from his boxer shorts by the deputy. The defense's strategy at trial was to argue the deputy had framed Appellant by pretending to remove the cocaine from Appellant's person.

Further, the State repeatedly highlighted to the jury this selection from Appellant's hearing testimony, arguing this was an admission of guilt. The State referred to this statement during

trial court to hold an evidentiary hearing to determine whether the State can prove Appellant's trial counsel had a strategic reason for failing to object to this testimony. *See Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000) (discussing that counsel cannot be found to have acted ineffectively if counsel engaged in a strategic decision which "was reasonable under the norms of professional conduct."). If the trial court cannot conclude that counsel's failure to object constituted a reasonable strategic decision, the trial court shall afford Appellant a new trial. *See Johnson*, 537 So. 2d at 1118.

REVERSED and REMANDED for an evidentiary hearing.

ROBERTS, BILBREY, and KELSEY, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

Rudolph Andrews, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

―――――――――――――――――――――――――――――――――

argument on the elements of trafficking, asserting that Appellant's statement met the knowledge prong which the State needed to prove to acquire his conviction for trafficking in cocaine. The transcript reflects that these arguments concerning the selected hearing testimony were, along with the testimony of the two deputies who conducted the arrest of Appellant, central to the State's case.