# Third District Court of Appeal

## State of Florida

Opinion filed March 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1642
Lower Tribunal No. F13-20145
_____

**The State of Florida,**
Appellant,

vs.

**Michael Anthony Hester,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellant.

Kenneth P. Speiller, for appellee.

Before FERNANDEZ, HENDON, and GORDO, JJ.

FERNANDEZ, J.

The State of Florida appeals the trial court's post-conviction ruling in favor of defendant Michael Hester, on a finding of ineffective assistance of counsel. Long-standing precedent from this Court supports defense counsel's stated trial strategy, negating a finding of ineffective assistance of counsel in this case. We therefore reverse and remand the order vacating the jury verdict.

## I. BACKGROUND

On August 18, 2013, the State charged Michael Hester with attempted second-degree murder with a firearm. On November 24, 2014, before jury selection, defense counsel filed a motion to dismiss alleging immunity pursuant to the "Stand Your Ground" ("SYG") statute. The trial court suggested that the immunity hearing be conducted concurrently with the trial. The State objected arguing that the hearing should take place before trial to allow the State to appeal an adverse ruling. The State further argued that the State should be able to use the defendant's testimony taken during the hearing as substantive evidence during the trial. Right before the SYG hearing took place, defense counsel withdrew the immunity motion and asked to proceed directly to jury selection. The trial court conducted a colloquy on whether Hester knowingly and intelligently agreed to the waiver

of the immunity hearing. Hester responded that he agreed with his counsel's decision.

During trial, the trial court conducted a colloquy on Hester's right to testify. He once again chose not to testify. Both after the State rested its case and at the close of the defense case, Hester's counsel moved for a judgment of acquittal arguing that Hester acted in self-defense. The motions were ultimately denied. The trial court instructed the jury on the justifiable use of deadly force and the SYG immunity instructions. After a full trial, the jury found the defendant guilty as charged.

Defense counsel continued to diligently represent his client by moving for a new trial and filing an appeal with this Court. The motion for a new trial was denied, and this Court affirmed on appeal.

On May 31, 2017, Hester filed a pro se motion for post-conviction relief and memorandum of law. Among several shortcomings, Hester claimed ineffective assistance of counsel because his defense counsel waived and/or misadvised him to waive his right to a SYG hearing. He argued that had counsel proceeded with the hearing, the case would most likely not have proceeded to trial. The State responded that the allegations were clearly refuted by the record and provided a thorough summary of the proceedings below, including: the lengthy discussion between the parties as to whether a

3

pretrial hearing should take place, trial counsel's stated trial strategy, and the defendant's choice to waive his right to testify followed by the trial court's colloquy of defendant. The State asserted that Hester could not now claim that he perjured himself during the colloquy, as he told the trial court under oath that he had discussed the decision with counsel and agreed with the decision.

On December 29, 2017, the trial court entered an order denying defendant's pro se motion for post-conviction relief, adopting the State's reasoning. Over two months later, defense counsel, on behalf of Hester, filed a motion for reconsideration. The State protested the motion. After the defendant filed an amended motion clarifying his position, the Court granted an evidentiary hearing.

During the evidentiary hearing, defense counsel testified that he believed that there was a split of opinion between the District Courts of Appeal as to whether testimony taken during a SYG hearing could be used by the State as substantive evidence against the defendant in the State's case-in-chief. Despite this belief, defense counsel did not file a motion in limine asking the trial court to clarify the matter. Defense counsel explained that, at the time, the law required the defense to bear the burden of SYG immunity, requiring the defendant to testify. Defense counsel stated that, as

4

part of his trial strategy, he did not intend to call the defendant to testify at trial, reasoning:

> [A]t the time, I would have had to have had Michael Hester testify and that's the issue that I had, and that was my reasoning's for withdrawing [the Stand Your Ground motion]. <u>It wasn't because I didn't think it was a good argument, it was just because I didn't want him to testify and have his prior convictions come out . . . .</u>
>
> . . .
>
> I just didn't think it was worth the risk sullying Mr. Hester's image in front of the jury, knowing that there was a good chance that Judge Luck was going to send it to the jury anyway.

(Emphasis added). Defense counsel simply made a judgment call that it was not worth risking the State presenting Hester's testimony and prior convictions to the jury.

On January 3, 2019, the trial court entered an order granting Hester's motion to vacate. The court reasoned that trial counsel was misinformed as no conflict in opinion existed between the District Courts, and the earliest opinion on the issue of whether defendant's testimony in a SYG hearing could be used at trial was in a case from May of 2015, <u>Cruz v. State</u>, 189 So. 3d 822 (Fla. 4th DCA 2015). The trial court found this to be notable as Hester's trial took place the year before, in November of 2014. Regardless of the non-existent conflict between District Courts, trial counsel believed that Hester's SYG case was strong, yet counsel still decided to withdraw the motion. The trial court found that defense counsel failed to seek a ruling from

5

the trial court on the issue of admissibility or should have left the motion pending to allow the court to make a later determination during trial. Additionally, the trial court found that counsel failed to renew the motion during trial following evidence that supported the claim of self-defense. The trial court determined that defense counsel's actions were outside the range of reasonably competent performance under prevailing professional standards. The court held that, but for these errors, the trial judge would have most likely granted the SYG motion and defendant would have been discharged. On this basis, the trial court granted Hester's post-conviction claim on the issue of trial counsel's ineffective assistance on the SYG motion, finding that the defendant satisfied both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984).

The State filed a motion for rehearing arguing that counsel did not exhibit ineffective assistance of counsel, as counsel made a tactical decision to withdraw the SYG motion. The State reasoned that even though Cruz v. State, 189 So. 3d 822 (Fla. 4th DCA 2015), was written after Hester's trial, a number of cases display longstanding precedent in Florida that a defendant's statements in one context may be used in another context. The State primarily relied on State v. Palmore, 510 So. 2d 1152, 1153-54 (Fla. 3d DCA 1987), from which the Cruz opinion takes its reasoning.

6

Subsequent to a hearing on the motion, the trial court entered an order denying the State's motion for rehearing. This appeal followed.

## II.    ANALYSIS

Considering the State's recitation of long-standing precedent in its motion for rehearing, we agree that the trial court treated Cruz v. State, 189 So. 3d 822 (Fla. 4th DCA 2015), as a case of first impression. Though Cruz is the first case that specifically applies this issue to the SYG context, the cases upon which Cruz relies would have been equally binding on the trial court in Hester's case.

Cruz primarily relies on a 1987 case from this Court, State v. Palmore, 510 So. 2d 1152, 1153-54 (Fla. 3d DCA 1987), which applied longstanding precedent to this issue, in the context of a motion to dismiss. Palmore restates the general rule that "evidence which is inadmissible for one purpose may be admissible for another purpose." Palmore, 510 So. 2d at 1153. This Court went on to specify that according to "section 90.803(18)(b), Florida Statutes (1985), a statement offered against a party, and to which the party has manifested his adoption or belief in its truth, *may be admitted as substantive evidence against that party.*" Id. (emphasis added). Statements made by the defendant are admissible as an "adoptive admission" to be admitted in the State's case-in-chief because the

7

statements are relevant to the defendant's guilt or innocence. Id. Further, this Court found that because a motion to dismiss is not a constitutional right, the defendant was not forced to choose between the right to remain silent or whether to pursue his motion to dismiss. Id. at 1153-54.

Palmore is directly on point. Like Palmore, the case before us concerns defendant's testimony taken as a result of a motion to dismiss. Palmore clearly states that such pre-trial testimony may be used in the State's case-in-chief. Additionally, not only is a motion to dismiss not a constitutionally protected right, but likewise, SYG immunity is a creature of statute.

Therefore, even if trial counsel had sought clarity from the trial judge because of a perceived conflict between District Courts, the trial judge should have concluded that, pursuant to Palmore, Hester's testimony taken in a pre-trial evidentiary hearing on SYG immunity would be subject to use in the State's case-in-chief. As part of his trial strategy, defense counsel emphatically stated that he was not willing to risk the State using Hester's testimony and prior convictions against him during the jury trial. He stated that he thought that Hester's self-defense case was strong enough without SYG immunity.

Additionally, the trial court determined that defense counsel was ineffective because counsel should not have withdrawn the motion to dismiss

on SYG immunity and/or should have renewed the motion during trial. However, as the State correctly argues, defense counsel could not have kept its motion pending and/or renewed the motion during trial because the law requires a pre-trial evidentiary hearing and ruling on SYG immunity, which never took place in this case. See State v. Vino, 100 So. 3d 716, 717 (Fla. 3d DCA 2012); Darling v. State, 81 So. 3d 574, 577 (Fla. 3d DCA 2012). Once more, the hearing never occurred because defense counsel did not want to risk the State presenting Hester's testimony and prior convictions to the jury. Defense counsel's decision was strategic and not a product of ineffective assistance of counsel.

## III.    CONCLUSION

For the reasons stated, we reverse the order on appeal and remand to the trial court to reinstate the judgement and sentence.

Reversed and remanded.